UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-128-RLV
(5:03-cr-46-RLV-2)

| | | |
|---|---|---|
| LUIS SIERRA-GONZALEZ, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) Also before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 2.)

I. **RELEVANT BACKGROUND**

Petitioner pled guilty in the District Court to three counts of possession of controlled substances with intent to distribute and one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and methamphetamine. Following a jury trial, he was found guilty of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c), and possession of a firearm while being an alien illegally in the United States, in violation of 18 U.S.C. §922(g)(5)(a).

Judgment was entered on May 18, 2005. (Judgment, Criminal Case No. 5:03-cr-46-RLV-2, Doc. No. 83.) Petitioner was given concurrent 240 months sentences for each drug count, plus a 120-month sentence for the §922(g)(5)(a) count, to run concurrently with the drug offense sentences. Id. Additionally, Petitioner was sentenced to 60 months imprisonment for the

1

§924(c) count, to be served consecutively to the terms imposed in the other counts.  Id.

Petitioner appealed, and the Fourth Circuit affirmed his convictions and sentences in an unpublished opinion issued on February 2, 2007.  (Opinion, Criminal Case No. 5:03-cr-46-RLV-2, Doc. No. 91.)  Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 12, 2006.  Sierra-Gonzalez v. United States, 547 U.S. 1198 (2006).  On June 24, 2016, Petitioner filed the instant § 2255 Motion to Vacate, challenging his §924(c) conviction and sentence.

**II.     STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence.  28 U.S.C. § 2255(f)(1)-(4).  A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations).

The Court entered judgment in this case on May 18, 2005.  Petitioner's conviction became final for purposes of § 2255(f)(1) on June 12, 2006, when the United States Supreme Court denied his petition for writ of certiorari.  Thus, Petitioner had until June 12, 2007 to file a timely § 2255 motion.  See § 2255(f)(1).  As Petitioner did not file the instant Motion until June

2

24, 2016, it is untimely under § 2255(f)(1).

Petitioner contends, however, that his § 2255 Motion is timely under § 2255(f)(3) in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551 (2015). The Supreme Court issued its decision in Johnson on June 26, 2015. 135 S. Ct. at 2563. Less than a year later in Welch v. United States, the Supreme Court made clear that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). Consequently, Petitioner's June 24, 2016 § 2255 Motion is timely under § 2255(f)(3), if the new rule announced in Johnson applies to him.

Petitioner argues that Johnson should apply to convictions and sentences rendered under § 924(c), as the language that defines a "crime of violence" in § 924(c)(3)(B) is similar to the language the Johnson Court invalidated in the ACCA's Residual Clause. Petitioner was convicted and sentenced under § 924(c) based upon an underlying drug trafficking crime, however, and not a crime of violence. Thus, § 924(c)(3)(B)'s definition of "crime of violence" does not apply to his case, and the Supreme Court's decisions in Johnson and Welch provide Petitioner with no basis for relief. See United States v. Hare, 820 F.3d 93, 105–06 (4th Cir. 2016) (deciding post-Johnson, that the appellants' § 924(c) verdicts "could be sustained because the jury found Appellants guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted") cert. denied, (U.S. Oct. 3, 2016); United States v. Richardson, No. 15-7871, 2016 WL 3524692, at *1 n.* (4th Cir. June 28, 2016) ("Because the conviction underlying Richardson's 18 U.S.C. § 924(c) . . .conviction was a drug offense rather than a crime of violence, . . . Johnson is inapposite, and he is entitled to no relief."). Because the new rule announced in Johnson does not apply to Petitioner's case, §

3

2255(f)(3) also does not apply. Therefore, the Court will deny Petitioner's § 2255 motion as untimely under § 2255(f)(1).[1]

As to Petitioner's motion to appoint counsel, in § 2255 actions, appointment of counsel is governed by Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings, which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. There is no constitutional right to the appointment of counsel in a § 2255 proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), but the Court may appoint counsel to a financially eligible habeas petitioner if justice so requires, see 18 U.S.C. § 3006A(a)(2)(B). Given the Court's finding that Petitioner has no colorable claim under Johnson, and that his § 2255 Motion is untimely, appointment of counsel is not appropriate in this case.

**IT IS, THEREFORE, ORDERED THAT:**

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely;

2. The Motion for Appointment of Counsel (Doc. No. 2) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, such warning is unnecessary as equitable tolling principles do not apply.

states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge